**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1837
_____

JOHN M. CUSTIN,

Appellant

v.

HAROLD J. WIRTHS, STATE OF NEW JERSEY COMMISSIONER OF LABOR;
JOSEPH SIEBER, N.J. BOARD OF REVIEW;
GERALD YARBROUGH, N.J. BOARD OF REVIEW;
JERALD L. MADDOW, N.J. BOARD OF REVIEW;
HILDA S. SOLIS, U.S. SECRETARY OF LABOR;
JANE OATS, SECRETARY OF EMPLOYMENT & TRAINING;
SETH D. HARRIS, ACTING U.S. SECRETARY OF LABOR
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-12-cv-00910)
District Judge:  Honorable Kevin McNulty
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 12, 2021

Before:  AMBRO, PORTER and SCIRICA, <u>Circuit Judges</u>

(Opinion filed:  March 4, 2021)

PER CURIAM

Appellant John Custin, proceeding pro se, appeals from the District Court's orders dismissing his complaint in part and granting summary judgment on the remaining claims in an action he brought pursuant to 42 U.S.C. § 1983. For the following reasons, we will affirm.

In April 2010, Custin was discharged by Walmart Stores, Inc., after two years of employment. Over the next two years, he filed four separate claims for benefits under the New Jersey Unemployment Compensation Law, N.J.S.A. § 43:21-1, et seq., each of which was ultimately denied. In February 2012, Custin filed this action. The operative third amended complaint sought relief against the Commissioner of the State of New Jersey Department of Labor and Workforce Development (NJDOL) and three members of the Department of Labor's Board of Review (collectively the state defendants), and the former and acting U.S. Secretary of Labor and the U.S. Secretary of Employment and Training Administration (collectively the federal defendants). Custin alleged that, in their administration of the unemployment compensation program, the state defendants violated the Social Security Act (SSA), as well as his Fourteenth Amendment due process rights and Eighth Amendment right to be free of excessive fines. Custin also challenged the constitutionality of 20 C.F.R. § 615.8(c)(2) and N.J.S.A. § 43:21-5(b). Finally, he

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

sought to enjoin the federal defendants from continuing to certify or provide federal funding for New Jersey's unemployment compensation program.

In January 2014, the District Court dismissed the claims against the federal defendants. See ECF No. 82 & 83. It subsequently dismissed, under Fed. R. Civ. P. 12(b)(6), all of the claims against the state defendants except the due process claims.[1] See ECF No. 130 & 131. In an order entered March 26, 2020, the District Court granted the state defendants' motion for summary judgment on the due process claims, and this appeal ensued. See ECF No. 253 & 254.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's dismissal of the claims for failure to state a claim for relief, see Gelman v. State Farm Mut. Auto. Ins. Co., 583 F.3d 187, 190 (3d Cir. 2009), and over its grant of summary judgment, see Groman v. Twp. of Manalapan, 47 F.3d 628, 633 (3d Cir. 1995). Summary judgment is proper where, viewing the evidence in the light most favorable to the nonmoving party and drawing all inferences in favor of that party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Kaucher v. County of Bucks, 455 F.3d 418, 422-23 (3d Cir. 2006).

We first affirm the dismissal of the claims against the federal defendants. Pursuant to the Social Security Act of 1935, 42 U.S.C. § 501 et seq., unemployment

---

[1] In the same order, the District Court dismissed all claims against the NJDOL; however, because the agency was not named as a defendant in the third amended complaint, we do not address Custin's argument on appeal that the claims against NJDOL were dismissed in error.

compensation is provided through a cooperative federal-state program. See California Dep't. of Human Resources Development v. Java, 402 U.S. 121, 125 (1971). Although the United States partially funds the programs, the states are responsible for establishing eligibility requirements and making individual eligibility determinations. See 26 U.S.C. § 3304(a); 42 U.S.C. § 503. The Secretary of Labor annually certifies state programs after confirming that they conform to federal requirements. Java, 402 U.S. at 125. Custin claimed that the federal defendants violated his constitutional rights by continuing to certify New Jersey's unemployment compensation program as compliant with federal law "when it was not." In particular, Custin claimed that the state failed to comply with the federal requirements that its program provide "full payment of unemployment compensation when due," and the "[o]pportunity for a fair hearing, before an impartial tribunal," when benefits are denied. 42 U.S.C. § 503(a)(1), (3).

The District Court properly concluded that Custin lacked standing to pursue this claim because there was no causal connection between the certification of New Jersey's unemployment compensation benefits program and the injury alleged in the complaint, which, contrary to Custin's contention on appeal, was the alleged improper denial of his benefits claims and an ensuing financial fallout. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992) (noting the well-recognized elements of Article III standing, including a "causal connection between the injury and the conduct complained of"). In his complaint, Custin did not allege any facts suggesting that the state's unemployment compensation program was non-compliant with federal law; instead, he alleged only defects in the process by which the state denied *his* claims for benefits. Neither the

4

Secretary of Labor nor the Secretary of Employment and Training Administration is a proper defendant under the facts as alleged. Id. (noting that the alleged injury must be "fairly . . . trace[able]" to the defendant's actions) (citation omitted); cf. Java, 402 U.S. at 135 (enjoining enforcement of California unemployment law as inconsistent with federal "when due" requirement where defendants were California Department of Human Resources Development and other state defendants).

Turning to the claims against the state defendants, Custin argues that the District Court used the wrong standard in evaluating his due process claims. We disagree. A claimant has a property interest in unemployment compensation benefits which is protected by the Fourteenth Amendment's Due Process Clause. See Wilkinson v. Abrams, 627 F.2d 650, 664 (3d Cir. 1980). The District Court cited and properly applied Supreme Court decisions outlining "the essential requirements of due process," including the right to "notice and opportunity to respond," "the opportunity to be heard at a meaningful time and in a meaningful manner," and the right to "an impartial and disinterested tribunal." See ECF No. 253 at 13 (citing and quoting Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 546 (1985), Mathews v. Eldridge, 424 U.S. 319, 332 (1976), and Marshal v. Jericho, 446 U.S. 238, 242 (1980)). The District Court also looked to analogous administrative cases to guide it in applying these principles to the unemployment compensation context.[2] See, e.g., DeBlasio v. Zoning Bd. of Adjustment

---

[2] Contrary to Custin's argument on appeal, this case is not analogous to Shaw v. Valdez, 819 F.2d 965, 968 (10th Cir. 1987). Shaw challenged the state's procedures as violative of the "fair hearing" requirement of the SSA, 42 U.S.C. § 503(a)(3). Id. at 966. Although Custin purported to do the same, as discussed *supra*, the factual allegations in

for Twp. of West Amwell, 53 F.3d 592 (3d Cir. 1995). Custin appears to argue that the District Court should have separately analyzed whether he was denied a "fair hearing" under 42 U.S.C. § 503(a)(3); but a separate analysis was not necessary as the requirements of due process and § 503(a)(3) are co-extensive. See Cosby v. Ward, 843 F.2d 967, 982 (7th Cir. 1988) ("Whether the statutory 'fair hearing' requirement has been met is tested by the same standards as constitutional procedural due process.") (citation omitted); Ross v. Horn, 598 F.2d 1312, 1318 n.4 (3d Cir. 1979) (assuming the same).[3]

In his brief, Custin focuses on his due process claims stemming from the denial of his first claim for unemployment benefits made in April 2010. Initially, the Deputy Director of the Division of Unemployment and Disability Insurance determined that Custin was eligible for benefits. Walmart appealed and, during a telephonic hearing before the Appeals Tribunal on June 28, 2010, argued that Custin was ineligible for benefits because he was dismissed for misconduct. See N.J.S.A. § 43:21-5(b) (2007) (disqualifying individuals for unemployment compensation benefits "for the week in which the individual has been suspended or discharged for misconduct connected with the work, and for the five weeks which immediately follow that week"). A personnel manager from Walmart testified that Custin was discharged from employment because he

---

his complaint support only a claim that *he* was denied a fair hearing.

[3] To the extent that Custin challenges the District Court's discovery rulings as erroneous and adversely affecting his due process claims, we find no abuse of discretion. See Anderson v. Wachovia Mortg. Corp., 621 F.3d 261, 281 (3d Cir. 2010) ("We review a district court's discovery orders for abuse of discretion, and will not disturb such an order absent a showing of actual and substantial prejudice.").

violated the company's callout policy by failing to notify Walmart of his absences for five consecutive days that he was scheduled to work in April 2010. Under the policy, employees were required to call a 1-800 number prior to their shift to advise that they would be absent; employees then received a verification number as proof of their call and were directed to their local Walmart store to speak to a manager. Custin testified that he was aware of the callout policy and that, on each of the days in question, he tried to call the hotline but he was disconnected because "there [wa]s something wrong with it," and he tried to call the local store but no one picked up. The manager testified that there were no problems reported with the phone system and other employees properly called out on those days. During her testimony, the manager referred to two documents which were provided to the hearing examiner in advance of the hearing, an "exit interview" indicating that Custin was "rehirable," and an "attendance report" indicating the dates of Custin's absences from work.

The hearing examiner determined that Custin was discharged for misconduct based on his failure to properly notify Walmart of his absences and that, as a result, he was ineligible for benefits under § 43:21-5(b) for the period from April 18, 2010 to May 29, 2010. See N.J.S.A. § 43:21-5(b) (defining "[m]isconduct" to include "conduct which is improper, intentional, connected with the individual's work, within the individual's control, not a good faith error of judgment or discretion," including the "deliberate refusal, without good cause, to comply with the employer's lawful and reasonable rules made known to the employee"). Custin appealed, first to the NJDOL Board of Review,

which affirmed the Tribunal, and then to the Appellate Division of the Superior Court of New Jersey, which affirmed the Board's decision.

In his complaint, Custin claimed that his due process rights were violated because he did not receive notice of his right to appeal the Appellate Tribunal's decision, he was not provided copies of the "exit interview" and "attendance report" referenced in the hearing, and the Board of Review upheld the decision without copies of those documents. Custin also alleged that the hearing examiner was required to find malicious intent to sustain a misconduct charge.[4]

We agree with the District Court that Custin received all of the process that he was due in these initial proceedings. Custin was given notice, both of the hearing before the Appellate Tribunal, and of Walmart's claims, and he was afforded an opportunity to rebut those claims. See FTC v. National Lead Co., 352 U.S. 419, 427 (1957) (noting that "the requirements of a fair hearing include notice of the claims of the opposing party and an opportunity to meet them"). As the Superior Court indicated in affirming the denial of benefits, "Custin was well aware of Walmart's position that he had been separated from work for misconduct." ECF No. 233-13 at 13. The Court noted that when Custin first

---

[4] In its opinion, the District Court outlined numerous other procedural defects stemming from these proceedings which Custin raised for the first time in his Statement of Material Facts. See ECF No. at 14-16. These claims were not properly before the District Court. See Shanahan v. City of Chicago, 82 F.3d 776, 781 (7th Cir. 1996) ("A plaintiff may not amend his complaint through arguments in his brief in opposition to a motion for summary judgment."); Trishan Air, Inc. v. Federal Ins. Co., 635 F.3d 422, 435 (9th Cir. 2011) (noting that "summary judgment is not a procedural second chance to flesh out inadequate pleadings") (citation omitted). In any event, for the reasons provided by the District Court, these alleged procedural defects do not amount to due process violations.

applied for unemployment benefits, the notice scheduling an appointment with a claims examiner indicated "in bold letters" that "the reason for his appointment was that he may have been separated for misconduct in connection with his work." Id. at 13-14. It further noted that, when Walmart appealed, Custin received a copy of the notice of the Appeal Tribunal hearing, "which explicitly stated that the issues involved were 'voluntary leaving' and 'discharge for misconduct.'" Id. at 14. Finally, at the start of that hearing, the examiner indicated that "[t]he issues to be resolved were the issue of discharge for misconduct and the issue of voluntary leaving." Id. Custin gave no indication that he was unprepared to meet those charges.

At the Appeal Tribunal hearing, Custin was also provided an opportunity to present evidence and testify on his own behalf, and to cross-examine Walmart's personnel manager. See ECF No. 233-11. Neither the failure to provide Custin with copies of the exit interview or attendance record, nor the failure to make those documents part of the record on appeal, rendered the proceedings fundamentally unfair. Custin readily admitted in his testimony that he was absent on the days in question. And Walmart's personnel manager testified that, according to the exit interview, Walmart was willing to rehire Custin; that testimony was part of the record on appeal. The mere fact that Walmart was willing to rehire Custin did not negate the hearing examiner's finding that Custin was discharged for misconduct. Furthermore, the hearing examiner was not required to find malicious intent to disqualify Custin for misconduct. Cf. N.J.S.A. § 43:21-5(b) (2015) (providing malicious behavior as an example of "severe

9

misconduct").[5]  As the Superior Court observed, the determination that Custin failed to properly notify Walmart of his absences constituted misconduct at the time under N.J.A.C. § 12:17-10.3.  See ECF No. 233-13.  Finally, Custin exercised his right to appeal to the Board of Review and, from there, to the Superior Court, which addressed his due process claims.  Because Custin was afforded all of the procedural safeguards required for a fair hearing and received meaningful review through the appellate process, summary judgment was warranted on these due process claims.

The District Court also properly denied Custin's due process claims arising from the denial of his second, third, and fourth claims for unemployment compensation benefits because he failed to avail himself of all the processes available to him.  See Alvin v. Suzuki, 227 F.3d 107, 116 (3d Cir. 2000) ("In order to state a claim for failure to provide due process, a plaintiff must have taken advantage of the processes that are

---

[5] Custin sought to challenge N.J.S.A. § 43:21-5(b), arguing that it "enables an employer to disqualify a claimant for benefits for being a malicious employee while in the same breath stating in testimony that he is rehirable."  ECF No. 38 at 6.  But as the District Court concluded, Custin failed to allege how the statute violates 42 U.S.C. § 503(a)(1), the provision of the SSA requiring state unemployment compensation programs to provide for payment of benefits "when due."  We likewise agree that there is no merit to Custin's challenge to the validity of N.J.S.A § 21-24(19), which deems claimants ineligible for extended unemployment benefits if they failed to accept any offer of, or to apply for, suitable work, or if they failed to actively seek suitable work.  Custin argued that the statute "disqualifies claimants twice on the same charge on the original claim even before that original disqualification has been heard on appeal."  We see no basis for finding this statute violative of the SSA or the due process clause, neither of which requires the payment of benefits while an appeal from the *denial* of benefits is pending.  Cf. Java, 402 U.S. at 133 (finding section of state unemployment insurance code providing for suspension of allowed benefits pending the employer's appeal violative of the SSA's "when due" clause).  For the same reasons, Custin's challenge to 20 C.F.R. § 615.8(c)(2), which was based on similar arguments, fails.

10

available to him or her, unless those processes are unavailable or patently inadequate."). In particular, for each of these benefits claims he failed to appeal the final decisions of the Appeals Tribunal to the Board of Review. See N.J.S.A. § 43:21-6 (setting forth the appeal procedures in unemployment compensation proceedings). Custin did not explicitly allege that the state processes were unavailable or inadequate. The District Court, construing the pro se pleadings liberally, identified a dozen allegations of procedural defects in the appellate process. See ECF No. 253 at 10-11. But as the District Court explained, most of the alleged defects could have been raised on appeal to the Board of Review, and none of them would amount to interference with the appellate process or render it a sham. See Alvin, 227 F.3d at 118 ("When access to procedure is absolutely blocked or there is evidence that the procedures are a sham, the plaintiff need not pursue them to state a due process claims.").

Finally, we agree with the District Court that Custin alleged no basis for relief under the Eighth Amendment. See Browning-Ferris Indus. v. Kelco Disposal, 492 U.S. 257, 262 (1989) (holding that the Eighth Amendment applies "primarily, and perhaps exclusively, to criminal prosecutions and punishments" and does not apply to punitive damages in a civil suit).

For the foregoing reasons, we will affirm the District Court's judgment.